IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.   04-cv-01999-ZLW-PAC

THOMAS FOLSOM,

      Plaintiff(s),

v.

GLENN K. BEATON, a Colorado resident, an individual; and
GLENN K. BEATON, P.C., a Colorado professional corporation,

      Defendant(s).
_____

## ORDER DENYING Motion to Amend Scheduling Order
_____

**Patricia A. Coan, Magistrate Judge**

      This is essentially a dispute over an apportionment of certain legal fees.

Plaintiff brings various claims including one for a declaratory judgment concerning his

interest, if any, in the Beaton Corporation and in the alleged Beaton/Folsom

partnership;  two alternative claims for breach of express contract; two alternative

claims for breach of implied contract; promissory estoppel; a claim for money had

and received; one for  breach of fiduciary duty; for imposition of a constructive trust;  for

civil theft; and for conversion.  *See* September 28, 2004 Complaint and Jury Demand.

      An October 27, 2004 Order of Reference referred this case to the undersigned

for pretrial case management.  Now before the Court is Plaintiff's August 5, 2005

Motion to Amend the Scheduling Order in Regards to the Abuse of Process

04-cv-01999-ZLW-PAC
September 1, 2005

Counterclaim.  A response has been filed.  No further briefing or argument would be

of material assistance.

## I.  Background

The complaint was filed on September 28, 2004.  The Scheduling Order

entered on December 8, 2004.  The discovery deadline was June 3, 2005, which was

extended to June 30, 2005 for the sole purpose of taking one deposition.  *See* June 8,

2005 Minute Order.  Defendants' April 14, 2005 Motion for Leave to Amend

Counterclaims was granted June 3, 2005.  *See* June 3, 2005 Order.  The final pretrial

order was entered on August 12, 2005.  Four dispositive motions are pending.  Trial

is set for four days to a jury beginning April 10, 2006.

## II. Analysis

Plaintiff filed the instant motion to amend the Scheduling Order on August 5,

2005, asking for: (1) discovery on defendants' abuse of process counterclaim; (2)

designation of an appropriate expert; and 3) a deadline for filing dispositive motions

on the abuse of process counterclaim.[1]  He asks to reopen discovery for sixty days; for

forty-five days thereafter to designate an expert and a rebuttal expert; and for sixty days

after the close of discovery to file dispositive motions.  *See* Pl. Motion, at 5.  Granting

---

[1] Plaintiff also advised the Court that discovery on the abuse of process counterclaim had not been done in the final pretrial order which was entered on August 12, 2005.  *See* Final Pretrial Order at 14-15.

04-cv-01999-ZLW-PAC
September 1, 2005

the motion would result in extending the discovery deadline to October 31, 2005 and

the dispositive motions deadline to December 30, 2005.

### A. Manifest injustice

Since the final pretrial order has entered, I first consider the request under the

standard for modifying a final pretrial order, which is to prevent manifest injustice to

the moving party. *Koch v. Koch industries, Inc.*, 203 F.3d 1202, 1222 (10th Cir. 2000);

*and see* Fed.R.Civ.P. 16(e) ("The order following a final pretrial conference shall be

modified only to prevent manifest injustice."). The burden of demonstrating manifest

injustice falls upon the party moving for modification. *Id.* (internal citation omitted).

Whether a motion to amend the final pretrial order is granted is within the court's

discretion. *United Phosphorus, Ltd. v. Midland Fumigant, Inc.*, 205 F.3d 1219, 1236

(10th Cir. 2000). Factors relevant in the exercise of that discretion include: "(1)

prejudice or surprise to the party opposing trial of the issue; (2) the ability of that party

to cure any prejudice; (3) disruption to the orderly and efficient trial of the case by

inclusion of the new issue; and (4) bad faith by the party seeking to modify the order."

*Koch*, 203 F.3d at 1222 (citations omitted).  Another factor is whether the moving party

acted in a timely manner. *Koch*, 203 F.3d at 1222-23.

As grounds for his motion, plaintiff argues that the defendants' motion to

amend their answer was not granted until June 3, 2005, which was the same date as

the discovery deadline, and was nearly two months after the expert designation

3

04-cv-01999-ZLW-PAC
September 1, 2005

deadline of April 4, 2005, so that plaintiff was unable to conduct discovery on the new

counterclaim for abuse of process.  Plaintiff argues he would be materially prejudiced

if he were prohibited from engaging in this discovery because he needs to retain an

expert and prepare a defense to the counterclaim.  He further contends he should be

given an opportunity to submit a dispositive motion on the abuse of process

counterclaim.

In response, defendants argue that the motion to amend the counterclaims

was filed on April 14, 2005, with a copy of the amended answer and counterclaims

attached, so that plaintiff was on notice of the claim about two months before the

discovery cutoff; that plaintiff and defendant Beaton were deposed after April 14, 2005,

and that ten other depositions also were taken, so that plaintiff had the opportunity to

question the parties and other deponents about the abuse of process claim, but

chose not to.[2]  Finally, defendants argue that plaintiff has not identified what discovery

is necessary on the claims.  *Id.* at 4.  For all those reasons, defendants contend that

plaintiff's motion  should be denied.

Applying the *Koch* manifest injustice test to the facts here, I find:  (1) that

---

[2]  At the August 12, 2005 final pretrial conference, defendant understood plaintiff to claim
that discovery on the abuse of process counterclaim was somehow impeded by defense counsel.
*See* Defs. August 25, 2005 Response, at 3-4.  Defendants' counsel has asked plaintiffs' counsel to
identify the depositions where plaintiff claims this occurred.  *See id.*, Ex. 1.  There has been no
response.  *See id.* at 4.

04-cv-01999-ZLW-PAC
September 1, 2005

defendants would be prejudiced if the motion were granted because discovery would have to be reopened and another dispositive motion filed, and that defendants had a right to rely on the finality of the Scheduling Order deadlines in order to prepare this case for trial; (2) that prejudice to defendants could be cured by allowing the requested changes to the scheduling order and providing time for defendants to prepare their defense to plaintiff's defense and that time is available because trial is not set to begin until April of 2006; (3) allowing the scheduling order deadline changes would disrupt the orderly progression of this case toward trial since discovery would have to be reopened and deadlines set for experts, which would not only probably engender more discovery disputes, but would be beyond the maximum discovery deadline set in the Order of Reference. *See* October 27, 2004 Order of Reference at 2.  Further, because the pending dispositive motions may be ruled on before the December 30, 2005 deadline plaintiff requests for additional dispositive motions, the orderly progression of this case toward what is probably a firm trial date in April 2006 would be disrupted with the likelihood that another round of dispositive motions would be filed and would need to be decided prior to trial; (4) while I find carelessness and lack of diligence on the part of plaintiff's counsel in failing to conduct discovery on the abuse of process claim and in delaying the filing of the subject motion, I do not find outright bad faith.  In addition, I find it surprising that plaintiff's counsel is unable to explain precisely the discovery he claims is needed;

04-cv-01999-ZLW-PAC
September 1, 2005

and finally, (5)  I find that plaintiff's motion is untimely because plaintiff's counsel

inexplicably waited approximately four months after he had notice of defendants'

intent to add an abuse of process counterclaim before he filed the motion at issue.

Accordingly, with three factors weighing in favor of defendants and two in favor of

plaintiff, who has the burden to show manifest injustice if the discovery and other trial

preparation requested is not allowed, I find that plaintiff has not carried his burden

and that he should not be permitted to amend the scheduling order.

### B.  Rule 16(b) Good Cause

Plaintiff suggests that, even though the final pretrial order has entered, good

cause under Rule 16(b) , Fed. R. Civ.P. should be the standard for amending the

scheduling order.  I find, however, that plaintiff's motion also fails under the Rule

16(b) standard.

The Rule 16(b) good cause standard has been analyzed by this Court as

follows:

> Rule 16(b) does not focus on the bad faith of the movant, or the
> prejudice to the opposing party.  Rather, it focuses on the diligence of
> the party seeking leave to modify the scheduling order to permit the
> proposed amendment. Properly construed, 'good cause' means that
> scheduling deadlines cannot be met despite a party's diligent efforts.  In
> other words, this court may 'modify the schedule on a showing of good
> cause if [the deadline] cannot be met despite the diligence of the party
> seeking the extension.' Carelessness is not compatible with a finding of
> diligence and offers no reason for a grant of relief.

*Pumpco, Inc. v. Schenker Intern., Inc.*, 204 F.R.D. 667, 668 (D. Colo. 2001) (M.J.

6

04-cv-01999-ZLW-PAC
September 1, 2005

Boland)(internal citations omitted).

Here, plaintiff was on notice of a potential abuse of process counterclaim when his counsel received a copy of the defendants' motion to amend and the proposed amended answer and counterclaim, which the court's record shows was filed on April 14, 2005.  Despite notice to plaintiff in April, he apparently did not engage in any discovery concerning the counterclaim, even though he had the opportunity to do so with the reopened parties' depositions and the additional ten depositions which occurred after April 14, 2005 and before June 30, 2005.  Moreover, when the motion to amend was granted on June 3, 2005, plaintiff still did not move for an extension of the discovery deadline, but waited two more months until he filed the motion at issue on August 5, 2005.  Plaintiff has given no explanation for either delay.

For plaintiff to establish good cause for late amendment, he is required to show that the scheduling order's deadline could not have been met with diligence. Two to four months before taking action to amend the scheduling order's deadlines, without any explanation for the delay, does not demonstrate due diligence.  Therefore, under the facts presented here, I agree with Magistrate Judge Boland that "[c]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Colorado Visionary Academy v. Medtronic, Inc.*, 194 F.R.D. 684, 687(D. Colo. 2000)(M.J. Boland).  I therefore will deny plaintiff's motion to amend.

04-cv-01999-ZLW-PAC
September 1, 2005

## III.  Order

For the reasons stated, it is hereby

**ORDERED** that Plaintiff's August 5, 2005 Motion to Amend the Scheduling Order

in Regards to the Abuse of Process Counterclaim (Doc. # 1150 is **denied** in its

entirety.  It is further

**ORDERED** that defendants' request for $2000 in fees for responding to the

motion, as stated in their response filed August 25, 2005 at p. 5,  is **denied**.

Dated this first day of September 2005.


By the Court:
s/Patricia A. Coan
Patricia A. Coan
United States Magistrate Judge

8